Michael E. Kelly, ISB # 4351
Nathan S. Ohler, ISB # 8502
KELLY, TALBOY & SIMMONS, PA
380 E. Parkcenter Blvd., Ste. 200
Post Office Box 856
Boise, Idaho  83701
Telephone  (208) 342-4300
Facsimile  (208) 342-4344
2800.025\Answer.wpd

Attorneys for Defendant W. Robert Lemke

IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOEL R. ROBISON, an individual, STACEY H. ROBISON, an individual, and THE LEGACY NETWORK, LLC, an Idaho Corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>W. ROBERT LEMKE, and UNKNOWN AGENT DOES 1-10, inclusive,<br><br>        Defendants. | Case No. 1:12-CV-00531-REB<br><br>ANSWER AND DEMAND FOR JURY TRIAL<br><br>**UNDER SEAL** |

        COME NOW Defendant W. Robert Lemke (sometimes hereinafter "Lemke"), by and through his attorneys of record, Kelly, Talboy & Simmons, PA, and answers Plaintiffs' Complaint and Demand for Jury Trial ("Complaint") as follows:

**FIRST DEFENSE**

        The Plaintiffs failed to state a claim against this answering Defendant upon which relief may be granted.

ANSWER - 1

## SECOND DEFENSE

### I.

This answering Defendant denies each and every allegation of the Complaint not herein expressly and specifically admitted.

### II.

This answering Defendant admits those allegations in paragraph 4 of the Complaint.

### III.

This answering Defendant is without sufficient information or knowledge to either admit or deny those allegations contained in paragraphs 1, 2, 5, 6, 7, 12, 15, 18, and 21 of the Complaint.

### IV.

With respect to the Plaintiffs' "Preliminary Statement," this answering Defendant admits that this is a civil action in which the Plaintiffs seek relief from Lemke's alleged violations of the Plaintiffs' rights guaranteed by the United States Constitution, including those granted by the Fourth Amendment, as well as rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and § 1988, and by the laws and the Constitution of the State of Idaho.  This answering Defendant further admits that this is an action at law to redress purported deprivations under color of statute, regulation, ordinance, custom or usage of right, privileges and immunities afforded to Plaintiffs by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and under Article I § 17 of the Constitution of the State of Idaho.  To the extent the remaining allegations contained in the "Preliminary Statement" of the Complaint are alleged against Lemke, he denies them.

**V.**

In answering paragraph 3 of the Complaint, this answering Defendant admits that Plaintiff The Legacy Network, LLC ("TLN") is an Idaho limited liability company.  This answering Defendant is without sufficient information or knowledge to either admit or deny those allegations remaining in paragraph 3 of the Complaint and therefore denies the same.

**VI.**

In answering paragraph 8 of the Complaint, this answering Defendant admits that the Plaintiffs are alleging in their Complaint violations of their Constitutional rights.  This answering Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

**VII.**

In answering paragraph 9 of the Complaint, this answering Defendant admits the first sentence of paragraph 9 of the Complaint.  This answering Defendant further admits that this Court has jurisdiction over the Plaintiff's causes of action arising under 42 U.S.C. §§ 1983 and 1988.  This answering Defendant denies, however, that this Court has pendent and/or supplemental jurisdiction over Plaintiffs' remaining claims based on Idaho state law.

**VIII.**

In answering paragraph 10 of the Complaint, this answering Defendant admits that the claims as pled in the Complaint occurred and arose in the State of Idaho and that venue is proper.  This answering Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

**IX.**

In answering paragraph 11 of the Complaint, this answering Defendant admits that the Plaintiffs are seeking redress for alleged violations of their Constitutional rights secured by the Idaho

ANSWER - 3

Constitution.   In further answering paragraph 11 of the Complaint, this answering Defendant affirmatively alleges that the terms and conditions of Idaho Constitution Article I, § 17 speak for themselves.  This answering Defendant denies the remaining allegations contained in paragraph 11 of the Complaint.

## X.

In answering paragraph 14 of the Complaint, this answering Defendant affirmatively alleges that on October 19, 2010, Lemke accompanied federal agents to the Plaintiff Robisons' residence, while they executed a federal search warrant.  This answering Defendant further affirmatively alleges that soon after the federal agents made that announcement, a women believed to be Plaintiff Stacey Robison yelled through an open window stating in substance that the Plaintiffs Robison would not open the door to their residence to permit the execution of the search warrant.  This answering Defendant further affirmatively alleges that federal agents then used a ram to break through the front door of the Plaintiffs Robison's residence and entered it.  This answering Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

## XI.

In answering paragraph 16 of the Complaint, this answering Defendant denies the allegations contained therein to the extent they against Lemke.  This answering Defendant is without information or knowledge to either admit or deny those allegations remaining in paragraph 16 of the Complaint and therefore denies the same.

## XII.

In answering paragraph 17 of the Complaint, this answering Defendant admits that to the best of his recollection Plaintiff Stacey Robison was asked at some point to sit in a chair and that children believed to be the Plaintiffs Robisons were moved to a separate room.  This answering Defendant

denies the allegations remaining in paragraph 17 of the Complaint.

## XIII.

In answering paragraph 20 of the Complaint, this answering Defendant denies that he and any federal agent present at the October 19, 2010 execution of the search warrant argued.  This answering Defendant is without information or knowledge to either admit or deny those allegations remaining in paragraph 20 of the Complaint and therefore denies the same.

## XIV.

In answering paragraph 22 of the Complaint, this answering Defendant admits based on information and belief that media did carry stories relating to the October 19, 2010 execution of the federal search warrant at the Plaintiffs Robisons' residence, and the search of Plaintiff Joel Robison's father's home.  This answering Defendant denies the allegations remaining in paragraph 22 of the Complaint.

## XV.

In answering paragraph 24 of the Complaint, this answering Defendant affirmatively alleges that on or about June 29, 2011, Lemke retired from the Idaho Department of Insurance ("DOI").  In further answering paragraph 24 of the Complaint, this answering Defendant affirmatively alleges that on September 27, 2011, Lemke filed a civil complaint the terms of which speak for themselves.  This answering Defendant denies the remaining allegations contained in paragraph 24 of the Complaint.

## XVI.

In answering paragraph 26 of the Complaint, this answering Defendant affirmatively alleges that the terms and conditions of Federal Rule of Criminal Procedure 6(e)(2)(B) speak for themselves.  This answering Defendant denies the allegations remaining in paragraph 26 of the Complaint.

## XVII.

In answering paragraph 27 of the Complaint, this answering Defendant admits that on October 19, 2010, Lemke accompanied federal agents in the execution of the search warrant at the Plaintiff Robisons' residence, and that he was a person to whom disclosure was made pursuant to Federal Rule of Civil Procedure 6(e)(3)(A)(ii) or (iii).  In further answering paragraph 27 of the Complaint, Lemke affirmatively alleges that his obligations under the so-called Grand Jury Secrecy laws are prescribed by applicable law.  Lemke denies the allegations remaining in paragraph 27 of the Complaint.

## XVIII.

In answering paragraph 28 of the Complaint, this answering Defendant denies that Lemke's civil complaint contains defamatory material that has caused the Plaintiffs any damages, whether financially or economically.  This answering Defendant is without information or knowledge to either admit or deny those allegations remaining in paragraph 28 of the Complaint and therefore denies the same.

## XIX.

In answering paragraph 29 of the Complaint, this answering Defendant admits that the Complaint realleges and incorporates paragraphs 1 through 28 of the Complaint.

## XX.

In answering paragraph 30 of the Complaint, this answering Defendant admits that at all times relevant to this lawsuit, Lemke acted under color of law and the authority of federal agents.  In further answering paragraph 30 of the Complaint, this answering Defendant denies the remaining allegations contained in paragraph 30 to the extent they are alleged against Lemke.  This answering

Defendant is without information or knowledge sufficient to either admit or deny the remaining allegations contained in paragraph 30 of the Complaint and therefore denies the same.

## XXI.

In answering paragraph 34 of the Complaint, this answering Defendant denies the allegations contained in paragraph 34 to the extent they are alleged against Lemke.   This answering Defendant is without information or knowledge sufficient to either admit or deny the remaining allegations contained in paragraph 34 of the Complaint and therefore denies the same.

## XXII.

In answering paragraph 38 of the Complaint, this answering Defendant admits that the Complaint realleges and incorporates paragraphs 1 through 37 of the Complaint.

## XXIII

In answering paragraph 39 of the Complaint, this answering Defendant affirmatively alleges that the terms and conditions of the applicable law governing the reasonableness of using force in a search speak for themselves.

## XXIV

In answering paragraph 42 of the Complaint, this answering Defendant affirmatively alleges that the Plaintiffs Robison did have firearms at their residence at the time the search warrant was executed.  This answering Defendant is without information or knowledge sufficient to either admit or deny the remaining allegations contained in paragraph 42 of the Complaint and therefore denies the same to the extent they are alleged against Lemke.

## XXV

In answering paragraph 43 of the Complaint, this answering Defendant affirmatively alleges

ANSWER - 7

that any obligation to assess the situation posed by the execution of the search warrant at the Plaintiffs

Robisons' residence is prescribed by applicable law and may potentially be imposed as to those parties

executing the search warrant.  This answering Defendant denies the remaining allegations contained in

paragraph 43 of the Complaint to the extent they are alleged against Lemke.

## XXVI

In answering paragraph 46 of the Complaint, this answering Defendant admits that the

Complaint realleges and incorporates paragraphs 1 through 45 of the Complaint.

## XXVII

In answering paragraph 47 of the Complaint, this answering Defendant admits that on

September 28, 2011, Lemke filed a civil complaint against the DOI, and that the terms and conditions

of that civil complaint speak for themselves.  This answering Defendant denies the allegations

remaining in paragraph 47 of the Complaint.

## XXVIII

In answering paragraph 51 of the Complaint, this answering Defendant admits that the

Complaint realleges and incorporates paragraphs 1 through 50 of the Complaint.

## XXIX

In answering paragraph 56 of the Complaint, this answering Defendant affirmatively alleges

that any duty owed the Plaintiffs and the scope of any such duty, is prescribed by applicable law and

may potentially be imposed as to those parties executing the search warrant.  This answering

Defendant denies the remaining allegations contained in paragraph 56 of the Complaint.

## THIRD DEFENSE

This answering Defendant is immune from this lawsuit because of the doctrines of qualified

and/or absolute immunity as Lemke's conduct did not violate clearly established constitutional or statutory rights of which reasonable persons should have been aware.

## FOURTH DEFENSE

This Court lacks pendent/supplemental jurisdiction under 28 U.S.C. § 1367 over the causes of action contained in the Complaint based on Idaho state law.

## FIFTH DEFENSE

To the extent the Plaintiffs are asserting claims based on Idaho statutes, case law or common law, such claims are barred because the Plaintiffs did not comply with requirements of the Idaho Tort Claims Act.

## SIXTH DEFENSE

The Plaintiffs' claims in whole or in part may be or are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

The Plaintiffs' causes of action are in whole or in part barred by the 11th Amendment of the United States Constitution.

## EIGHTH DEFENSE

At the time of the incident alleged in the Complaint, Plaintiffs were guilty of comparative and contributory negligence and otherwise wrongful conduct, which proximately caused and contributed to the accident, and the resultant damages, if any.

## NINTH DEFENSE

Plaintiffs' damages, if any were proximately caused by other events, superceding, intervening negligence, and omissions or actions of other third persons or parties; and any negligence, breach of

duty, or wrongful conduct on the part of this answering Defendant, if any, was not a proximate cause of the alleged loss to Plaintiffs.  In asserting this defense, this answering Defendant denies any negligence or wrongful conduct.

## TENTH DEFENSE

Plaintiffs have failed to mitigate damages, if any were in fact incurred.

## ELEVENTH DEFENSE

The claims by the Plaintiffs for punitive damages are premature, barred and/or limited by the due process, equal protection, double jeopardy, contracts and cruel and unusual punishment provisions of the United States Constitution and by the Constitution of the State of Idaho, as well as by case law, statues and rules of which apply to the claims asserted.

WHEREFORE, this answering Defendant prays that Plaintiffs take nothing by their Complaint, that the same be dismissed, and that Lemke be awarded his costs of suit and attorneys fees pursuant to 42 U.S.C. § 1988 and that such other and further relief as the Court deems just.

DATED this 15th day of March, 2013

KELLY TALBOY & SIMMONS, P.A.

By: ___/s./ Michael E. Kelly_____
Michael E. Kelly, Of the Firm
Attorneys for Defendant W. Robert Lemke

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2013, I served a true and correct copy of the foregoing by delivering the same to each of the following individuals, by the method indicated below, addressed as follows:

Michael D. Mayfield  
Brett L. Tolman  
John W. Mackay  
Matthew R. Lewis  
Ray Quinney & Nebeker, P.C.  
36 South State Street, Suite 1400  
Salt Lake City, UT 84111  
*Attorneys for Plaintiff*

❑ U.S. Mail  
❑ Hand-Delivered  
❑ Overnight mail  
❑ Facsimile  
☒ Electronic Mail  
mmayfield@rqn.com  
btolman@rqn.com  
jmackay@rqn.com  
mlewis@rqn.com

\_\_\_\_\_/s./ Michael E. Kelly_____  
Michael E. Kelly